1
2
3
4                             UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
5                                        AT SEATTLE

6  | THE ESTATE OF NELSON MARTINEZ-
7  | MENDEZ, by and through SUZANNE RUIZ,
   | Personal Representative of the Estate; and      No. C04-1742Z
8  | MARIA CLEOFE MENDEZ, Mother of
   | Nelson Martinez-Mendez,
9  |                                                 ORDER
   |                    Plaintiffs,
10 |
   | v.
11 |
   | CITY OF BELLEVUE; JIM
12 | MONTGOMERY, in his capacity as Chief of
   | Police for the City of Bellevue, and as an
13 | individual; and MICHAEL HETLE, in his
   | capacity as a police officer for the City of
14 | Bellevue, and as an individual,
   |
15 |                    Defendants.

16       This case comes before the Court on The City of Bellevue's and Chief Montgomery's

17  Motion for Summary Judgment, docket no. 26. Having considered the briefs in support of

18  and in opposition to the motion, the Court hereby enters the following Order:

19       1.      The Court GRANTS The City of Bellevue's and Chief Montgomery's Motion

20  for Summary Judgment, docket no. 26, and DISMISSES all claims against The City of

21  Bellevue and Chief Montgomery with prejudice for the following reasons:

22       (a)     Plaintiff Maria Cleofe Mendez' ("Ms. Mendez") Fourth Amendment claim, for

23  lack of standing, see Alderman v. United States, 394 U.S. 165, 174 (1969) and Moreland v.

24  Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998), and for Ms. Mendez'

25  failure to prosecute. See Fed. R. Civ. P. 56(e) (non-moving party may not "rest upon the

26  mere allegations or denials of the . . . pleading"); Local Rule 7(b)(2) ("If a party fails to file

ORDER  1–

1 papers in opposition to a motion, such failure may be considered by the court as an
2 admission that the motion has merit.").

3   (b) Plaintiff Estate of Nelson Martinez-Mendez' (the "Estate") substantive due
4 process claims, for the Estate's failure to prosecute. <u>See</u> Fed. R. Civ. P. 56(e); Local Rule
5 7(b)(2).

6   (c) The Plaintiffs' procedural due process claims, for Plaintiffs' failure to
7 prosecute. <u>See</u> Fed. R. Civ. P. 56(e); Local Rule 7(b)(2).

8   (d) All 42 U.S.C. § 1983 ("Section 1983") claims against the City of Bellevue, for
9 Plaintiffs' failure to provide any evidence that any constitutional violations were directly
10 caused by a municipal policy or custom. <u>See</u> <u>Board of County Comm'rs v. Brown</u>, 520 U.S.
11 397, 403-04 (1997); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694-95 (1978); <u>Trevino v.</u>
12 <u>Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996).

13   (e) All Section 1983 claims against Chief Montgomery, for Plaintiffs' failure to
14 provide any evidence that he had any personal involvement in the alleged constitutional
15 deprivation, or that there was a sufficient causal connection between his conduct and the
16 alleged constitutional violation. <u>See</u> <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989).
17 Plaintiffs' conclusory allegations, without factual support, are insufficient to defeat summary
18 judgment. <u>See</u> <u>Nat'l Steel Corp. v. Golden Eagle Ins. Co.</u>, 121 F.3d 496, 502 (9th Cir.
19 1997).  (f) All Section 1983 claims against Chief Montgomery because he is
20 entitled to qualified immunity under Section 1983. Plaintiffs did not oppose Defendants'
21 motion for qualified immunity under Section 1983. <u>See</u> Fed. R. Civ. P. 56(e); Local Rule
22 7(b)(2).

23   (g) Ms. Mendez' state law claim under RCW 4.24.010 against Chief Montgomery
24 because he is entitled to qualified immunity under state common law. Plaintiffs did not
25 oppose Defendants' motion for qualified immunity under state common law. <u>See</u> Fed. R.
26 Civ. P. 56(e); Local Rule 7(b)(2).

ORDER  2–

The only defendant that remains in this case is Officer Hetle. The Court does not decide whether Officer Hetle acted objectively reasonable under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 397-99 (1989); Tennessee v. Garner, 471 U.S. 1, 7 (1985). The Court also does not decide whether Officer Hetle acted with deliberate indifference under the Fourteenth Amendment. See Byrd v. Guess, 137 F.3d 1126, 1134 (9th Cir. 1998). Discovery is not complete. Officer Hetle has not been deposed. The issues have not been adequately briefed.

(2) The Court DENIES Plaintiffs' Fed. R. Civ. P. 56(f) Motion, docket no. 39. It only relates to Ms. Mendez' state law claim under Washington state law, RCW 4.24.010. As noted above, Chief Montgomery is entitled to qualified immunity against Ms. Mendez' state law claim.

(3) The Court DENIES Defendants' Motion to Strike, docket no. 41.

IT IS SO ORDERED.

DATED this 19th day of October, 2005.

Thomas S. Zilly
United States District Judge

ORDER 3–